**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20476-JB**

**UNITED STATES OF AMERICA**

v.

**COMUNICACIONES CELULARES S.A.,**
**d/b/a TIGO GUATEMALA,**

Defendant.

_____/

**JOINT MOTION TO CONTINUE AND**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America and the defendant, Comunicaciones Celulares S.A., d/b/a TIGO Guatemala ("TIGO Guatemala"), by their respective attorneys, respectfully move this Court for entry of an Order continuing all further criminal proceedings, including trial, until further motion of the parties, based on the entry of the parties' Deferred Prosecution Agreement. In support thereof, the parties state as follows:

1. The Speedy Trial Act requires that the trial of a defendant charged in an Information occur within 70 days from the later of the filing of the Information or the date on which the defendant appeared before a judicial officer in the court in which the charge is pending. *See* 18 U.S.C. § 3161(c)(l).

2. The Speedy Trial Act, 18 U.S.C. § 3161(h)(2), further provides that:

> The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence:
>
> . . .
>
> (2) Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the

approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct.

3. On or about the date of TIGO Guatemala's arraignment, the United States and TIGO Guatemala will enter into a written Deferred Prosecution Agreement (the "Agreement").

4. In Paragraph 1 of the Agreement, TIGO Guatemala agrees to waive Indictment and agrees to the filing of a one-count Information in this Court charging it with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, that is, to violate the anti-bribery provisions of the Foreign Corrupt Practices Act of 1977, as amended, 15 U.S.C. § 78dd-3 ("FCPA"). *See* Information filed on October 22, 2025 (DE 1).

5. Pursuant to Paragraphs 4 and 5 of the Agreement, and in light of TIGO Guatemala's willingness to: (i) admit, accept, and acknowledge responsibility for its actions as detailed in the Statement of Facts attached to the Agreement; (ii) engage in remediation; (iii) continue its cooperation with the United States; (iv) continue its commitment to enhance its compliance program and internal controls; and (v) pay the monetary penalty and administrative forfeiture referred to in Paragraphs 9 and 10 of the Agreement, respectively, the United States and TIGO Guatemala jointly move, pursuant to 18 U.S.C. § 3161(h)(2), that this Court exclude from the computation of time under the Speedy Trial Act a period of 2.5 years from the date on which the Information was filed.

6. The United States and TIGO Guatemala believe that such a delay and speedy trial exclusion will allow the defendant to demonstrate its good conduct and therefore seek the approval of this Court to delay trial. *See* 18 U.S.C. § 3161(h)(2).

7. TIGO Guatemala joins in this motion and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, 18 U.S.C. § 3161,

Federal Rule of Criminal Procedure 48(b), and any applicable Local Rule of the United States District Court for the Southern District of Florida for the period that the Agreement is in effect.

8. The United States agrees, as set forth in the Agreement, that if TIGO Guatemala fully complies with all its obligations under the Agreement, the United States, six months after the Agreement's expiration, will move this Court to dismiss with prejudice the Information filed against the defendant.

For all the reasons stated above, the United States and defendant TIGO Guatemala respectfully request that this Court enter an Order excluding a period of 2.5 years in computing the time within which any trial must be commenced upon the charge contained in the Information filed against TIGO Guatemala pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(2), in light of the written agreement between the Government and the defendant deferring prosecution in this matter for the purpose of allowing the defendant to demonstrate its good conduct, and continuing

*[space intentionally left blank]*

all further criminal proceedings, including trial, for a period of 2.5 years from the date on which the Information was filed.

Respectfully submitted,

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION

By: _____
Natalie Kanerva
Trial Attorney
Court ID No. A5503160
Katherine Raut
Assistant Chief
Court ID No. A5502213
Fraud Section, Criminal Division
U.S. Department of Justice

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: _____
Eli S. Rubin
Assistant U.S. Attorney
Court ID No. A5502535
99 Northeast 4th Street
Miami, Florida 33132-2111
(305) 961-9247
Eli.Rubin@usdoj.gov

_____
Lanny A. Breuer
Daniel Suleiman
Veronica Yepez
Covington and Burling LLP
Counsel for Comunicaciones Celulares S.A.